# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-CR-314 (4) (RHK/JSM) |
| | Civil No. 16-2404 (RHK) |
| Plaintiff, | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| v. | |
| Jeremy Joseph Hunt, | |
| Defendant. | |

This matter is before the Court on Defendant's July 12, 2016, Motion to Vacate, Set Aside or Correct Sentence, brought under 28 U.S.C. Section 2255. (Doc. No. 409). Defendant's Motion will be denied, for the reasons discussed below.

## **PROCEDURAL AND FACTUAL HISTORY**

A Superseding Indictment filed on November 18, 2014, charged Defendant and ten others with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as well as three separate counts of distribution of methamphetamine against Defendant specifically, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A). (Doc. No. 109.) On February 18, 2015, Defendant pleaded guilty pursuant to a plea agreement. In the plea agreement, Defendant admitted to the charge of methamphetamine conspiracy and certain acts in support of that illicit agreement and understanding. (Doc. No. 159, ¶¶ 2(a)-(b).) In exchange for Defendant's plea of guilty, the Government agreed that it would not seek a superseding indictment or otherwise

pursue charging Defendant with additional drug distribution or drug conspiracy counts resulting from its investigation. (Doc. No. 159, ¶ 1.) Furthermore, as part of the resolution the Government also agreed to forego filing an enhancement pursuant to 21 U.S.C. § 851, which otherwise would have increased Defendant's mandatory minimum sentence to twenty years. Id. Defendant acknowledged in the plea agreement that the potential United States Advisory Guidelines ranges of either 121-151 or 140-175 months imprisonment could apply, depending upon a final determination of his criminal history category. (Doc. No. 159, ¶ 6.g.) Notwithstanding any determination under the Advisory Guidelines, Defendant agreed that he was subject to a statutory mandatory minimum penalty of ten years. Id.

Finally, the parties "waive[ed] all rights conferred by Title 18, United States Code, Section 3742, to appeal the sentence on any ground except Defendant may appeal the sentence if the period of confinement imposed is greater than 175 months and the Government may appeal the sentence if the period of confinement imposed is less than 121 months." Id. at ¶ 10. As part of this specific provision in the plea agreement, Defendant acknowledged that "he has discussed these rights with [his] attorney. Defendant understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily." Id.

The Pre-Sentence Investigation Report ("PSR") ultimately determined Defendant's Guidelines range was 140-175 months' imprisonment. (PSR, ¶ 150; Doc. No. 295 at 1.) Both in written pre-sentencing submissions and during the sentencing hearing, Defendant urged the Court to depart or vary downward and find that a lesser

criminal history category was applicable pursuant to United States Sentencing Guidelines Section 4A1.3(b).  Specifically, Defendant argued that the category of V as determined in the PSR overrepresented the seriousness of his criminal history and the likelihood that he would reoffend, and that with a lesser criminal history category IV the applicable Guidelines range was 120 to 151 months imprisonment.  (Sent. Tr. 4-5, 7-9.)  The Court did not make a specific ruling either granting or denying Defendant's motion.  Instead, the Court determined that "[a]s I look at the factors in 3553(a), I think a sentence that fits there and is sufficient but not greater than necessary is 140 months."  (Sent. Tr. 10.)  The Court sentenced Defendant accordingly.

Thus, the Court's sentence of 140 months was at the bottom of the applicable advisory Guidelines range. After imposing various sentencing terms, the Court also addressed the plea waiver in the plea agreement.  First, the Court explained that "in paragraph 10 of the plea agreement you agreed not to appeal your sentence unless that sentence exceeded 175 months in prison.  Obviously this sentence is not above 175, so in my view you have given up, by that plea agreement, your right to appeal or challenge the sentence."  (Sent. Tr. 14.)

Still, the Court explained his right to be represented during an appropriate appeal, but reiterated its position with regard to Defendant's waiver.  "Now, having said all of that, I'll go back to what I said at the outset. In my view you do not have that right." Id. at 15.  The Court also instructed his counsel that "I don't know whether you have previously covered with your client his appeal rights or lack of appeal rights; but if you have not, I would ask that you also do so."  Id.

3

Defendant appealed despite his written waiver.  His only claim on appeal was that this Court erred because it did not grant his § 4A1.3(b) motion regarding his criminal history and consequently give him a lesser sentence.  The Eighth Circuit granted the Government's motion to dismiss his appeal in light of the appeal waiver.  Defendant timely filed the instant Motion on July 12, 2016.  (See Doc. No. 409.)

## I.   Defendant's Habeas Claims

Defendant's 28 U.S.C. § 2255 pleading briefly describes four separate claims.  First he makes two separate claims of ineffective assistance.  Id. at 4-12.  As to both, he maintains that but for that ineffective assistance there is a "reasonable probability" he would have received a lesser sentence.  Id.  Second, he argues this Court violated Fed. R. Crim. P. 32 and his Due Process rights at sentencing.  Finally, Defendant claims the Government breached the plea agreement and committed prosecutorial misconduct.  Id. at 13.  On October 19, 2016, the Government responded to each of these claims.  Doc. No. 443.  Defendant in turn submitted supplemental pleadings, which once again reiterate his original claims.  See Doc. Nos. 446-448.[1]

## II.   ANALYSIS

### A.   General Principles

To prevail on a motion filed under § 2255, a petitioner must show that his challenge raises a "fundamental defect which results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).  Section 2255 relief is

---

[1] Because the majority of Defendant's supplementary materials merely reiterate his original claims, and for reasons described herein, the Court in this Order need only cite the original *habeas* pleading.

4

extraordinary; consequently, it "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, § 2255 "does not encompass all claimed errors in conviction and sentencing." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, it encompasses jurisdictional and constitutional errors. Id. Beyond that, its scope is "severely limited." Id. "[A] miscarriage of justice cognizable under § 2255 occurs when the sentence is in excess of that authorized by law." Id. at 706.

An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000). But "[n]o hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

**B.   Defendant Has Failed to Show that His Defense Counsel Was Ineffective**

**1. Counsel Cascarano Properly Represented Defendant Before Appeal**

Defendant insists that former trial counsel Craig Cascarano was ineffective during his post-plea representation, including deficient performance and Constitutional failures such as: his ethical obligation to conduct a thorough investigation; refusing to let Defendant review discovery or other documents generated in the case; not reviewing his

5

PSR and not objecting to aspects of the PSR. Defendant also claims that his former counsel: should have argued that the Government breached the plea agreement; and did not investigate Defendant's criminal history calculation – all to his detriment. Id. at 4.

The record conclusively establishes that Defendant is not entitled to relief on these claims. First, in order to prevail, he must show that his "'attorney's performance fell below a professional objective standard of reasonableness' and that [he] 'was prejudiced.'" Calkins v. United States, 795 F.3d 896, 897 (8th Cir. 2015) (quoting Etheridge v. United States, 241 F.3d 619, 622 (8th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668 (1984)). Courts "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' and when 'determining whether counsel's representation was deficient, a court must avoid second guessing trial strategy.'" Calkins, 795 F.3d at 897 (quoting Johnson v. United States, 278 F.3d 839, 842 (8th Cir. 2002)). Furthermore, under the first prong of the Strickland test, courts consider counsel's performance objectively, and assess whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000) (citations omitted). But Defendant has demonstrated neither objectively unreasonable performance nor prejudice.

To the contrary, former counsel Cascarano's affidavit – ordered by this Court to facilitate a determination of Defendant's habeas claims – debunks each of Defendant's arguments. See October 19, 2016, Affidavit of Craig Cascarano at Attachment 1 (Doc.

6

No. 443, Att. 1). The affidavit similarly demonstrates that Defendant's claims are based in falsehoods.

As background, Mr. Cascarano provides that he actually began representing Defendant when the matter was charged in Olmstead County – before it was adopted federally. (Doc. No. 443, Att. 1, ¶ 5-6.) Even then, Mr. Cascarano began addressing both Defendant's criminal as well as parallel forfeiture proceedings. Id. During the course of the instant matter, Cascarano provided the Government's discovery to Defendant, and went through that discovery with him while Defendant was housed at the Anoka County Jail. Id., ¶ 4.

Interestingly, Defendant also claims that Mr. Cascarano did not go through the PSR with him, but then claims that Mr. Cascarano ignored his request to object to the PSR's criminal history calculation. First, the opposing and dual nature of Defendant's PSR arguments well-demonstrate that Mr. Cascarano obviously did go through the PSR with Defendant. Mr. Cascarano confirms the same, namely that he shared a copy of the PSR with Defendant, went over that report, and "identified areas in which there would be an objection at the time of sentencing." Id., ¶ 8.

Furthermore – and in clear contradiction to Defendant's claims here – Mr. Cascarano actually filed a sentencing position pleading addressing what he and Defendant believed to be an over-exaggerated criminal history calculation. More specifically, Mr. Cascarano argued that three separate prior convictions should be stricken from Defendant's PSR for separate reasons, and encouraged the Court to find that a lesser criminal history categorization and concomitant lesser Guidelines range of

7

108 to 135 month term was appropriate. (See Doc. No. 290 at 1-2; Doc. No. 443, Att. 1, ¶ 9.)  Moreover, in his affidavit Mr. Cascarano makes clear that he spoke with Defendant about the issues to be addressed at sentencing and "[d]efendant was aware of not only the objections but the argument to be made in court at the time of sentencing."  (Doc. No. 443, Att. 1, ¶ 10.)  See also id. at ¶ 16 (again discussing how "Affiant also explained the position with respect to sentencing regarding over-exaggeration of his current criminal conduct by virtue of his prior record[.]"

Both Mr. Cascarano and Defendant also addressed the PSR's criminal history categorization in open court during the September 18, 2015, sentencing proceedings. (See Sent. Tr. at 5-10.)  As with his sentencing position pleading, Mr. Cascarano encouraged the Court to strike as part of a variance request certain prior offenses from the criminal history calculus.  Defendant similarly addressed the Court about the PSR's conclusions. Id.  Given this background and these undisputed facts, Defendant's claims that Mr. Cascarano failed to address his criminal history categorization are contrary to established fact.  Furthermore, former counsel's affidavit demonstrates Defendant was properly represented at each stage of the proceedings of which he now (unreasonably) complains.

As pointed out by the Government, Mr. Cascarano provides the Court with the following regarding Defendant's § 2255 submission generally:

> Affiant firmly believes he was a zealous advocate on behalf of the above-entitled Defendant, informed the Defendant of all the consequences of his plea, the pending forfeiture actions and filed all appropriate motions before this Court as well as an appeal to the Eighth Circuit Court of Appeals. It is important to note that the Defendant was always made aware of the progress of the case itself[.]…

>Affiant believes that the allegations contained in the 2255 are totally and completely without merit and indeed misrepresent and falsify affiant's representation as well as the progress of the case.

(Doc. No. 443, Att. 1, ¶ 17.)

The Government contends that Defendant's self-serving pleadings have no support in the record and does nothing to cast any doubt on the effective assistance of counsel. This Court agrees.

### 2. Counsel Cascarano Properly Represented Defendant On Appeal

In a second category of purported ineffective assistance, Defendant claims counsel Cascarano performed deficiently at the appellate level. Id. at 5. As part of this claim, Defendant argues that his former counsel failed to make arguments that Defendant wished. To this argument, Defendant again ties in his general claim that his criminal history should have been addressed, and adds that "the wrong criminal history score" has improperly impacted his status with the Bureau of Prisons. Id. at 5.

First, as described above, Defendant waived his appeal rights. More specifically, he abandoned any appeal if his sentence was less than 175 months imprisonment – a fact reiterated by the Court at sentencing. (Sent. Tr. at 14; Doc. No. 159, ¶ 10.) Second, Mr. Cascarano appropriately filed an appeal for Defendant, notwithstanding that waiver. See Watson, 493 F.3d at 963-64 (concluding that a defendant is denied effective assistance if counsel fails to file an appeal upon request, regardless of any plea waiver provision).

More pointedly, and to establish ineffective assistance of appellate counsel, a defendant must show that "appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal." Williams v. Kemna, 311 F.3d 895, 898, (8th Cir. 2002) (citing Tokar v. Bowersox, 198 F.3d 1039, 1051 (8th Cir. 1999), cert. denied, 531 U.S. 886 (2000)). "The deficient performance standard is rigorous, because 'experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal.'" United States v. Brown, 528 F.3d 1030, 1034 (8th Cir. 2008) (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983)). Absent contrary evidence, it is assumed that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy. Brown, 528 F.3d at 1033. The prejudice standard is just as demanding: a defendant must show that "the result of the proceeding would have been different" had the issue been raised on direct appeal. Id. (citing Becht v. United States, 403 F.3d 541, 546 (8th Cir. 2005), cert. denied, 546 U.S. 1177 (2006)).

Defendant has not and cannot make such a rigorous showing here. To the contrary, his counsel filed an appeal challenging this Court's sentencing determination; an appeal that goes to the core of Defendant's criminal history arguments here. That filing was summarily dismissed by the Eighth Circuit in light of the appeal waiver provision to which Defendant agreed. Accordingly, Defendant's ineffective assistance claim on this basis lacks merit.

### C. Defendant Has Failed to Show that Rule 32 or His Due Process Rights Were Violated by this Court

Defendant argues that "District Court violated Rule 32 of Fed. R. Crim. P. and Due process rights." (Doc. No. 409 at 7.) Defendant goes on to argue that the following Court actions (or inactions) at sentencing are the bases for this claim: not ruling on his "objections" to the PSR and not taking the "error into account" as part of his sentence; not ruling on forfeiture; sentencing Defendant "under wrong criminal history score," as addressed above; not appending a copy of the Court's determinations as to the PSR; and not being furnished with a copy of the PSR. Id.

As discussed by the Government in its brief, Rule 32 provides specific instructions for sentencing proceedings and the judgment that should subsequently issue. When addressing purported Rule 32 violations, courts for some time have endeavored to ensure "that defendants [are] sentenced on the basis of materially accurate facts, or at any rate that they not be sentenced on the basis of any facts until a fair process for determining accuracy has been made available." See Poor Thunder v. United States, 810 F.2d 817, 822-23 (8th Cir. 1987). A Rule 32 claim demonstrating a sentencing proceeding wherein a defendant "did not get the rudiments of fair procedure"…"is, in general, cognizable on collateral attack under Section 2255." Id.

But no such unfairness happened at Defendant's sentencing hearing. Instead, this Court followed the necessary proscriptions described and defined by Rule 32. First, the Court turned to the PSR itself. The parties confirmed that they had reviewed the document. Hearing no objection to the conclusions in the PSR, the Court adopted it.

Sent. Tr. at 2-3.  The Court then heard the departure/variance request regarding Defendant's criminal history, as described above, including the perspectives of all the parties as to that request.  Id. at 4-10.  The Court then addressed Defendant's sentence overall, first acknowledging that a mandatory minimum term of 10 years applied.  Id. at 10.  Next, addressing Defendant's variance request, this Court shared that "the difference here is how much, if at all, I go above that."  Id.  In turn, the Court cited the factors at 18 U.S.C. § 3553(a) and found that a term of 140 months imprisonment – the bottom of the applicable Guidelines range – was sufficient but not greater than necessary.  Id.

Defendant's remainder arguments as to this claim are equally without merit. Regarding forfeiture, Rule 32 specifically directs the parties to Rule 32.2, which was specifically followed in this matter.  Moreover, and at base, Defendant has no forfeiture claims, as he waived any forfeiture proceedings as part of his plea.  See Doc. No. 159, ¶ 9; see also United States v. Koch, 491 F.3d 929, 931 (8th Cir. 2007) (describing how defendants by way of plea agreement may waive Rule 32.2 requirements as well as "the right to challenge [] forfeiture orders.").  Moreover, as demonstrated by his own statements at sentencing as well as former counsel's affidavit, Defendant certainly received a copy of the PSR.  Finally, the Court issued a statement of reasons for Defendant's sentence.  See Doc. No. 295.

The Court did not violate a provision of Rule 32.  Instead, the record conclusively establishes the contrary.  Defendant's sentencing was fair and his due process rights were in no way violated.  He has no habeas claim on this basis.

### D. Defendant Has Failed to Show Prosecutorial Misconduct or a Breach of the Plea Agreement

Defendant argues that the Government "breached [the] plea agreement by raising my drug quantity from 208 grams as laid out in the plea agreement" . . . "to over 2 kilograms[.]" (Doc. No. 409 at 8.) Further, Defendant claims the Government acted outside the parameters of the plea agreement (and after the plea agreement) in accomplishing this harm. Id.

The terms of Defendant's plea were clear. See generally Doc. No. 159. The parties stipulated that Defendant was responsible for between 150 and 500 grams of actual methamphetamine, resulting in a base offense level 32. Id., ¶ 6(a). The plea terms similarly stipulated Guidelines ranges detailing potential imprisonment from at least 121 up to 175 months. Id. The PSR similarly found and recommended a base offense level 32, PSR at ¶ 70, which this Court adopted as part of its findings of fact. (Sent. Tr. at 3-4.) Thus, the Guidelines range of 140 to 175 months – a range stipulated in Defendant's plea agreement – was adopted by this Court without objection.

Both prior to and at sentencing, the Government argued for a term of 160 months imprisonment – well within the terms of the plea agreement. See Doc. No. 287 at 4; Sent. Tr. at 3. Defendant's misconduct claim is baseless and has no merit.

### III. Defendant is Not Entitled to an Evidentiary Hearing

"A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files, and record of the case conclusively show that the prisoner is not entitled to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). "Accordingly, a

petition can be dismissed without a hearing if 1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or 2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id.

The latter consideration is clearly the case here. Defendant Hunt's conclusory allegations are contradicted by the record. His original habeas pleading and supplemental materials – which he submitted after his former counsel provided a detailed affidavit – are rife with falsity. Considering the sentencing hearing transcript, complemented by the submission from his former counsel, the record shows that Defendant is clearly not entitled to any relief. Defendant's Motion is clearly without merit.

## No Certificate of Appealability Will Be Granted

This Court today makes clear that a federal prisoner may not appeal a final order in a proceeding under 28 U.S.C. § 2255 without first securing a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A district court cannot grant a certificate of appealability unless the prisoner "has made a *stubstantial showing* of the denial of a constitutional right." Id. at § 2253(c)(2) (emphasis added); accord Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006). Furthermore, a certificate of appealability will not be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253."). Rather, a prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable

jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997); accord Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).  Defendant has made no such showing here.

Therefore, the Court concludes that a certificate of appealability would not be appropriate.  Defendant's claims have been fully addressed herein and they lack merit.  His claims are not "debatable among reasonable jurists."  Cox, 133 F.3d at 568.  Nor has he shown sufficient reason to believe that any other court – including the Eighth Circuit – would decide his claim any differently than decided here.  He has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about his case warranting appellate review.  Thus, the Court concludes that Defendant is not entitled to a certificate of appealability.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 409) is **DENIED**; and

2. The Court declines to issue a Certificate of Appealability should Defendant attempt to appeal this Order to the Eighth Circuit.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civil No. 16-2404.

Dated:  December 1, 2016

s/Richard H. Kyle  
RICHARD H. KYLE  
United States District Judge