CASE 0:14-cr-00314-PAM-JSM   Doc. 652   Filed 03/05/25   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-314 (PAM)
Criminal No. 25-49 (DSD/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER OF DETENTION** |
| ) | |
| JEREMY JOSEPH HUNT, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on February 27, 2025, on the government's motion for detention. Peter Johnson and Jill Brisbois represented Hunt, and Assistant U.S. Attorney Campbell Warner represented the government. For the reasons that follow, the Court grants the government's motions for detention on Hunt's supervised release violation in Criminal No. 14-314 and on Count 1 of the Indictment in Criminal No. 25-49.

## FINDINGS OF FACT

1. On January 7, 2025, a U.S. Probation Officer petitioned the Court to issue an arrest warrant for Hunt based on an alleged supervised release violation.

2. On February 19, 2025, the government filed an Indictment alleging that Hunt conspired to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The offense charged in the Indictment is

based on the same conduct that formed the basis for the supervised release violation.

3. On February 24, 2025, Hunt made his initial appearance on the Indictment and the Court remanded him to the custody of the U.S. Marshal on the government's motion for detention. The Court scheduled Hunt's detention hearing and arraignment on the Indictment for February 27, 2025. Hunt's preliminary hearing and detention hearing on the supervised release violation was set for the same date and time.

4. Before Hunt's detention hearing on the Indictment, the U.S. Probation and Pretrial Services Office submitted a bond report recommending Hunt be detained pending trial. That office also recommended Hunt be detained on the supervised release violation.

5. With respect to the supervised release violation, Hunt did not contest probable cause, and the Court found probable cause that Hunt violated his supervised release. Neither party presented witnesses or evidence on the issues of detention; rather, the parties proffered to the Court and argued based on the proffers and bond report.

## CONCLUSIONS OF LAW

1. Because Hunt is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, there is a rebuttable presumption that no condition or

combination of conditions will reasonably assure his appearance in court and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). Here, the government bears the burden of proving by a preponderance of the evidence that no condition or combinations of conditions will reasonably assure Hunt's appearance in court or by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. 18 U.S.C. § 3142(f).

2. Because Hunt is charged with violating the terms of his supervised release, he bears the burden of showing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community. Fed. R. Crim. P. 32.1(a)(6).

3. Hunt argued that there is a combination of conditions, including GPS monitoring, that would reasonably assure his appearance and community safety. Having considered the options presented and Hunt's inability to comply with the conditions of his supervised release, the Court finds Hunt's proposed conditions insufficient to ensure community safety.

4. After considering the factors under 18 U.S.C. § 3142(g), the presumption of detention, the bond report, the allegations in the Indictment, Hunt's criminal record, Hunt's poor record on supervision, and the nature of the charged offense (including the danger that methamphetamine poses to the community), the Court concludes by clear and convincing evidence that no

condition or combination of conditions will reasonably assure the safety of the community. The Court does not conclude that Hunt presents a risk of flight such that no condition or combination of conditions would reasonably assure his future appearance.

5. For the same reasons, the Court further concludes that Hunt failed under Fed. R. Crim. P. 32.1(a)(6) to prove by clear and convincing evidence that a condition or combination of conditions will reasonably assure community safety.

6. For these reasons, the Court ORDERS that:

   a. The government's motions for detention are GRANTED;

   b. Hunt is committed to the custody of the U.S. Marshal for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

   c. Hunt shall be afforded reasonable opportunity to consult privately with counsel; and

   d. Upon order of the Court or request by the U.S. Attorney, the person in charge of the facility where Hunt is confined shall deliver him to the U.S. Marshal for the purpose of appearances in connection with court proceedings.

DATE: March 5, 2025              *s/ Tony N. Leung*_____
                                 The Honorable Tony N. Leung
                                 United States Magistrate Judge